# No. 26-10536

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Ellen Mae Fisher,

Plaintiff - Appellant

v.

Texas Tech University Regents; Dean Jack Wade Nowlin, Dean and W. Frank Newton Professor of Law at the School of Law; Jared Gonzales, In his individual and official capacity as Dean of the Texas Tech School of Law; Larry Spain, Alvin R. Allison Professor of Law and Director of the Clinical Programs and Civil Practice Clinic at the School of Law; Amy Hardberger, George W. McCleskey Professor of Water Law and Director of the Center for Water Law and Policy at the School of Law; Allison Outenreath, Associate Dean for Faculty Development, and the Erwin and Elaine Davenport Endowed Professor of Law at the School of Law; Ally Owens, Student member of the School of Law Honor Council; Terri Morgeson, In their individual and official capacities as Faculty and/or Officers of the Texas Tech School of Law Honor Council; Cody Campbell, Chairman of the Regents; Dustin Womble, Vice Chairman of the Regents; Arcilia Acosta, Member of the Regents; Pat Gordon, Member of the Regents; Clay C. Cash, Member of the Regents; Tim Culp, Member of the Regents; Shelly Sweatt, Member of the Regents; Doug McReaken, Member of the Regents; Donald Sinclair, Member of the Regents; Eli Heath, Member of the Regents; William Keffer; Texas Tech University System Board of Regents,

Defendants - Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**RECORD EXCERPTS**

SUBMITTED BY:

Michael Thad Allen
ALLEN HARRIS PLLC
P.O. Box 404
Quaker Hill, CT 06375
TEL: 860-772-4738
mallen@allenharrislaw.com

*Counsel for Plaintiff-Appellant*

## Table of Contents

| Document | Record Citation | Tab |
|---|---|---|
| Docket Sheet - 5:26-CV-73 | ROA.1-20 | Tab 1 |
| Notice of Appeal | ROA.1160-1174 | Tab 2 |
| Memorandum Opinion and Order | ROA.894-905 | Tab 3 |
| Memorandum Opinion and Order | ROA.1175-1182 | Tab 4 |

**TAB 1**

CM/ECF
.

# U.S. District Court
## Northern District of Texas (Lubbock)
## CIVIL DOCKET FOR CASE #: 5:26-cv-00073-X

Ellen Mae Fisher v. Texas Tech University Regents et al
Assigned to: Judge Brantley Starr
Case in other court:  USCA FIFTH CIRCUIT, 26-10536
Cause: 42:1983 Civil Rights Act

Date Filed: 04/12/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Ellen Mae Fisher**                    represented by    **Mark Thomas Mansfield**
Mansfield & Mansfield PC
1550 Norwood Drive, Suite 107
Hurst, TX 76054
817-282-3450
Email: mark@mansfieldpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Michael Thad Allen**
Allen Harris PLLC
PO Box 404
Quaker Hill, CT 06375
860-772-4738
Email: mallen@allenharrislaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Tiffany Nicole Lawson**
Allen Harris PLLC
PO Box 404
Quaker Hill, CT 06375
984-422-2419
Email: tlawson@allenharrislaw.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Defendant**

| | | |
|---|---|---|
| **Texas Tech University Regents** | represented by | **Wade Allen Johnson** |

Texas Attorney General
PO Box 12548
Austin, TX 78711
512-463-4139
Email:
wade.johnson@oag.texas.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Brian Keith Ingram**
Texas Attorney General's Office
P.O. Box 12548
Austin, TX 78711-2548
512-796-3618
Fax: 512-457-4410
Email:
keith.ingram@oag.texas.gov
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
Texas Attorney General's Office
PO Box 12548, Capitol Station
Austin, TX 78711-2548
512-463-2100
Email: brian.tung@oag.texas.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
Texas Attorney General's Office
Capitol Station
PO Box 12548
Austin, TX 78711-2548
512-463-2100
Email:
jacob.dustin@oag.texas.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

26-10536.2

**Lauren Elise Saeger**
Texas Attorney General's Office
PO Box 12548
Capitol Station
Austin, TX 78711-2548
512-463-2100
Email:
lauren.saeger@oag.texas.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

| | | |
|---|---|---|
| **Dean Jack Wade Nowlin**<br>*Dean and W. Frank Newton Professor of Law at the School of Law* | represented by | **Wade Allen Johnson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

| | | |
|---|---|---|
| **Jared Gonzales**<br>*In his individual and official capacity as Dean of the Texas Tech School of Law* | represented by | **Wade Allen Johnson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*

*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

## Defendant

**Larry Spain**
*Alvin R. Allison Professor of Law and Director of the Clinical Programs and Civil Practice Clinic at the School of Law*

represented by **Wade Allen Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

## Defendant

**Amy Hardberger**
*George W. McCleskey Professor of Water Law and Director of the*

represented by **Wade Allen Johnson**
(See above for address)
*LEAD ATTORNEY*

Center for Water Law and Policy
at the School of Law

ATTORNEY TO BE NOTICED
Bar Status: Not Admitted

**Brian Keith Ingram**
(See above for address)
TERMINATED: 05/22/2026
Bar Status: Not Admitted

**Brian Beyuan Tung**
(See above for address)
ATTORNEY TO BE NOTICED
Bar Status: Not Admitted

**Jacob Peter Dustin**
(See above for address)
ATTORNEY TO BE NOTICED
Bar Status: Not Admitted

**Lauren Elise Saeger**
(See above for address)
ATTORNEY TO BE NOTICED
Bar Status: Not Admitted

## Defendant

**Allison Outenreath**
Associate Dean for Faculty
Development, and the Erwin and
Elaine Davenport Endowed
Professor of Law at the School of
Law

represented by **Wade Allen Johnson**
(See above for address)
LEAD ATTORNEY
ATTORNEY TO BE NOTICED
Bar Status: Not Admitted

**Brian Keith Ingram**
(See above for address)
TERMINATED: 05/22/2026
Bar Status: Not Admitted

**Brian Beyuan Tung**
(See above for address)
ATTORNEY TO BE NOTICED
Bar Status: Not Admitted

**Jacob Peter Dustin**
(See above for address)
ATTORNEY TO BE NOTICED
Bar Status: Not Admitted

**Lauren Elise Saeger**
(See above for address)

26-10536.5

*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

## Defendant

**Ally Owens**                          represented by    **Wade Allen Johnson**
*Student member of the School of*                        (See above for address)
*Law Honor Council*                                      *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

                                                         **Brian Keith Ingram**
                                                         (See above for address)
                                                         *TERMINATED: 05/22/2026*
                                                         *Bar Status: Not Admitted*

                                                         **Brian Beyuan Tung**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

                                                         **Jacob Peter Dustin**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

                                                         **Lauren Elise Saeger**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

## Defendant

**Terri Morgeson**                      represented by    **Wade Allen Johnson**
*In their individual and official*                       (See above for address)
*capacities as Faculty and/or*                           *LEAD ATTORNEY*
*Officers of the Texas Tech School*                      *ATTORNEY TO BE NOTICED*
*of Law Honor Council*                                   *Bar Status: Not Admitted*
*TERMINATED: 05/18/2026*
                                                         **Brian Keith Ingram**
                                                         (See above for address)
                                                         *TERMINATED: 05/22/2026*
                                                         *Bar Status: Not Admitted*

                                                         **Brian Beyuan Tung**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

                                                         **Jacob Peter Dustin**

(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

## Defendant

**Cody Campbell**                    represented by    **Wade Allen Johnson**
*Chairman of the Regents*                              (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Status: Not Admitted*

                                                       **Brian Keith Ingram**
                                                       (See above for address)
                                                       *TERMINATED: 05/22/2026*
                                                       *Bar Status: Not Admitted*

                                                       **Brian Beyuan Tung**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Status: Not Admitted*

                                                       **Jacob Peter Dustin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Status: Not Admitted*

                                                       **Lauren Elise Saeger**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Status: Not Admitted*

## Defendant

**Dustin Womble**                    represented by    **Wade Allen Johnson**
*Vice Chairman of the Regents*                         (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Bar Status: Not Admitted*

                                                       **Brian Keith Ingram**
                                                       (See above for address)
                                                       *TERMINATED: 05/22/2026*
                                                       *Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Arcilia Acosta**                     represented by    **Wade Allen Johnson**
*Member of the Regents*                                  (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Pat Gordon**                         represented by    **Wade Allen Johnson**
*Member of the Regents*                                  (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Status: Not Admitted*

26-10536.8

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Clay C. Cash**                    represented by    **Wade Allen Johnson**
*Member of the Regents*                               (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

26-10536.9

**Tim Culp**
*Member of the Regents*

represented by **Wade Allen Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Shelly Sweatt**
*Member of the Regents*

represented by **Wade Allen Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

| | | |
|---|---|---|
| **Doug McReaken**<br>*Member of the Regents* | represented by | **Wade Allen Johnson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

| | | |
|---|---|---|
| **Donald Sinclair**<br>*Member of the Regents* | represented by | **Wade Allen Johnson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted* |

**Brian Keith Ingram**
(See above for address)
*TERMINATED: 05/22/2026*
*Bar Status: Not Admitted*

**Brian Beyuan Tung**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Eli Heath**                                      represented by **Wade Allen Johnson**
*Member of the Regents*                                          (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Bar Status: Not Admitted*

**Jacob Peter Dustin**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**William Keffer**                                 represented by **Jacob Peter Dustin**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*
                                                                 *Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Wade Allen Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Texas Tech University System**                   represented by **Jacob Peter Dustin**
**Board of Regents**                                             (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

*Bar Status: Not Admitted*

**Lauren Elise Saeger**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Wade Allen Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2026 | 1 (p.21) | COMPLAINT WITH JURY DEMAND against Jared Gonzales, Amy Hardberger, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Larry Spain, Texas Tech University Regents filed by Ellen Mae Fisher. (Filing fee $405; Receipt number ATXNDC-16354334) Summons(es) not requested at this time. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Mansfield, Mark) (Entered: 04/12/2026) |
| 04/12/2026 | 2 (p.55) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Ellen Mae Fisher. (Clerk QC note: Affiliate entry indicated). (Mansfield, Mark) (Entered: 04/12/2026) |
| 04/12/2026 | 3 (p.58) | AMENDED COMPLAINT WITH JURY DEMAND against Jared Gonzales, Amy Hardberger, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Larry Spain, Texas Tech University Regents filed by Ellen Mae Fisher. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 |

| | | |
|---|---|---|
| | | days, the clerk will notify the presiding judge. (Mansfield, Mark) (Entered: 04/12/2026) |
| 04/12/2026 | 4 (p.92) | Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Ellen Mae Fisher with Brief/Memorandum in Support. (Attachments: # 1 (p.21) Exhibit(s) Appendices and Affidavit of Ellen Fisher) (Mansfield, Mark) (Entered: 04/12/2026) |
| 04/12/2026 | 5 (p.415) | CIVIL CASE COVER SHEET to 3 (p.58) Amended Complaint for Ellen Mae Fisher by Mark Thomas Mansfield . (Mansfield, Mark) Modified text on 4/13/2026 (bmh). (Entered: 04/12/2026) |
| 04/13/2026 | 6 (p.417) | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. (bmh) (Entered: 04/13/2026) |
| 04/13/2026 | 7 | Court Request for Recusal: Judge James Wesley Hendrix recused. Pursuant to instruction in Special Order 3-249, the Clerk has reassigned the case to Judge Brantley Starr for all further proceedings. Future filings should indicate the case number as: 5:26-cv-73-X. (ctf) (Entered: 04/13/2026) |
| 04/13/2026 | 8 (p.419) | ORDER: Before the Court is Plaintiff Ellen Mae Fishers Emergency Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction. (Doc. 4 (p.92) .) The Court ORDERS Fisher to serve the Defendants by any means necessary and file proof service with the Court. The Court further ORDERS the Defendants to file a response within seven (7) days from service. (Ordered by Judge Brantley Starr on 4/13/2026) (chmb) (Entered: 04/13/2026) |
| 04/16/2026 | 9 (p.420) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-16365699) filed by Ellen Mae Fisher Attorney Tiffany Nicole Lawson added to party Ellen Mae Fisher(pty:pla) (Lawson, Tiffany) (Entered: 04/16/2026) |
| 04/16/2026 | 10 (p.424) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Michael Thad Allen (Filing fee $100; Receipt number ATXNDC-16367213) filed by Ellen Mae Fisher (Lawson, Tiffany) (Entered: 04/16/2026) |
| 04/16/2026 | 11 (p.430) | AFFIDAVIT of Service for Complaint, Summonses, Orders of Court served on All Defendants on April 14, 2026. (Allen, Michael) (Entered: 04/16/2026) |

| 04/16/2026 | 12 (p.433) | ORDER: Summonses were not requested when the complaint was filed. And the docket does not reflect that the clerk's office has issued summonses as to any defendant. Thus Mr. Allen is ORDERED to explain his false statements provided to the Court and SHALL file his explanation no later than 24 hours from this order. (Ordered by Judge Brantley Starr on 4/16/2026) (bmh) (Entered: 04/16/2026) |
|---|---|---|
| 04/16/2026 | 13 (p.435) | MOTION to Amend/Correct 9 (p.420) Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-16365699) filed by Ellen Mae Fisher (Lawson, Tiffany) (Entered: 04/16/2026) |
| 04/17/2026 | 14 | ELECTRONIC ORDER granting 10 (p.424) Application for Admission Pro Hac Vice of Michael Allen. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 4/17/2026) (chmb) (Entered: 04/17/2026) |
| 04/17/2026 | 15 (p.439) | RESPONSE of Attorney Michael Thad Allen to Judge Starr's Order filed by Ellen Mae Fisher re: 12 (p.433) Order Setting Deadline/Hearing, (Mansfield, Mark) (Entered: 04/17/2026) |
| 04/17/2026 | 16 (p.441) | Request for Clerk to issue Summonses filed by Ellen Mae Fisher. (Allen, Michael) (Entered: 04/17/2026) |
| 04/17/2026 | 17 (p.475) | Summons Issued as to All Defendants. (bmh) (Entered: 04/17/2026) |
| 04/20/2026 | 18 (p.511) | NOTICE of Attorney Appearance by Wade Allen Johnson on behalf of Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech University Regents, Dustin Womble. (Filer confirms contact info in ECF is current.) (Johnson, Wade) (Entered: 04/20/2026) |
| 04/20/2026 | 19 (p.513) | AMENDED DECLARATION OF ATTORNEY MICHAEL THAD ALLEN in Support of Motion for Temporary Restraining Order and Preliminary Injunction by Ellen Mae Fisher *(Amended)* (Allen, Michael) (Entered: 04/20/2026) |
| 04/21/2026 | 20 (p.515) | ORDER: To avoid future confusion about local rules, the Court ORDERS local counsel to co-sign on all future motions, briefs, and documents filed by the Plaintiff in |

| | | this Court. (Ordered by Judge Brantley Starr on 4/21/2026) (bmh) (Entered: 04/21/2026) |
|---|---|---|
| 04/21/2026 | 21 (p.516) | MOTION for Release of Bond Obligation *(Unopposed)* filed by Ellen Mae Fisher with Brief/Memorandum in Support. (Attachments: # 1 (p.21) Proposed Order) (Allen, Michael) (Entered: 04/21/2026) |
| 04/22/2026 | 22 | ELECTRONIC ORDER granting 21 (p.516) Motion for Release of Bond Obligation Before the Court is Plaintiff Ellen Mae Fisher's Unopposed Motion for Release of Bond Obligation. (Doc. 21 (p.516) .) Because the motion is unopposed, the Court GRANTS the motion. The Court reminds Plaintiff's counsel that all future motions should be co-signed by local counsel. See Doc. 20 (p.515) . (Ordered by Judge Brantley Starr on 4/22/2026) (chmb) (Entered: 04/22/2026) |
| 04/27/2026 | 23 (p.520) | MOTION to Dismiss filed by Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech University Regents, Dustin Womble (Johnson, Wade) (Entered: 04/27/2026) |
| 04/27/2026 | 24 (p.549) | RESPONSE filed by Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech University Regents, Dustin Womble re: 4 (p.92) Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* (Johnson, Wade) (Entered: 04/27/2026) |
| 04/27/2026 | 25 (p.579) | Appendix in Support filed by Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech University Regents, Dustin Womble re 24 (p.549) Response/Objection, 23 (p.520) MOTION to Dismiss (Johnson, Wade) (Entered: 04/27/2026) |
| 05/05/2026 | 26 (p.873) | REPLY filed by Ellen Mae Fisher re: 4 (p.92) Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* (Attachments: # 1 (p.21) Exhibit(s) Supp. Fischer Appendix 294-299) (Allen, Michael) (Entered: 05/05/2026) |

| 05/12/2026 | 27 (p.894) | MEMORANDUM OPINION AND ORDER: The Court lacks jurisdiction over this motion and cannot proceed at all on the requested injunctive relief. Accordingly, the Court may only act where the Constitution or a statute permit it. Here, the Eleventh Amendment prohibits Fishers requested relief, so the Court DENIES the motion for a temporary restraining order and preliminary injunction 4 (p.92) . (Ordered by Judge Brantley Starr on 5/12/2026) (bmh) (Entered: 05/12/2026) |
|---|---|---|
| 05/18/2026 | 28 (p.906) | ***STRICKEN PER ORDER 29 *** SECOND AMENDED COMPLAINT WITH JURY DEMAND against Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech University Regents, Dustin Womble, Texas Tech University System Board of Regents, William Keffer filed by Ellen Mae Fisher. (One or more defendant(s) is no longer named.) Clerk to issue summons(es). Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.21) Exhibit(s) Compare Version of 2d Am. Cplt) (Allen, Michael) Modified text on 5/19/2026 (bmh). (Entered: 05/18/2026) |
| 05/19/2026 | 29 | ELECTRONIC ORDER: Under Federal Rule of Civil Procedure 15, a party may amend a complaint once as a matter of course and thereafter only with the opposing party's consent or leave of court. F. R. Civ. P. 15(a)(1)(2). Yesterday, Fisher filed an amended complaint. The trouble is that this isn't Fisher's first amended complaint. On the same day she filed her initial complaint, she also filed her first amended complaint. (Doc. 3 (p.58) .) So, under Rule 15, Fisher should have sought leave of the Court or the Defendants' consent. She did neither. Accordingly, the Court STRIKES her Second Amended Complaint (Doc. 28 (p.906) ) and DIRECTS Fisher to seek leave to amend her complaint, which the Court intends to grant. (Ordered by Judge Brantley Starr on 5/19/2026) (chmb) (Entered: 05/19/2026) |
| 05/20/2026 | 30 (p.987) | First MOTION to Amend/Correct *Complaint* filed by Ellen Mae Fisher with Brief/Memorandum in Support. |

| | | |
|---|---|---|
| | | (Attachments: # 1 (p.21) Exhibit(s) Second Amended Complaint, # 2 (p.55) Exhibit(s) Second Amended Complaint Compare Version) (Allen, Michael) (Entered: 05/20/2026) |
| 05/21/2026 | 31 | ELECTRONIC ORDER granting 30 (p.987) Motion to Amend/Correct. Before the Court is Plaintiff Ellen Mae Fisher's Motion to Amend/Correct her complaint. (Doc. 30 (p.987) .) Finding good cause, the Court GRANTS the motion. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 5/21/2026) (chmb) (Entered: 05/21/2026) |
| 05/21/2026 | 32 | ELECTRONIC ORDER finding as moot 23 (p.520) Motion to Dismiss. In light of Plaintiff Fisher's filing of an amended complaint, the Court DENIES AS MOOT Defendants' Motion to Dismiss. (Doc. 23 (p.520) ). (Ordered by Judge Brantley Starr on 5/21/2026) (chmb) (Entered: 05/21/2026) |
| 05/22/2026 | 33 (p.1072) | NOTICE of Attorney Appearance by Lauren Elise Saeger on behalf of Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, William Keffer, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech University Regents, Texas Tech University System Board of Regents, Dustin Womble. (Filer confirms contact info in ECF is current.) (Saeger, Lauren) (Entered: 05/22/2026) |
| 05/29/2026 | 34 (p.1074) | MOTION Preliminary Injunction Pending Appeal filed by Ellen Mae Fisher with Brief/Memorandum in Support. (Attachments: # 1 (p.21) Exhibit(s) Fisher Appendix) (Allen, Michael) (Entered: 05/29/2026) |
| 05/29/2026 | 35 | ELECTRONIC ORDER: Before the Court is Plaintiff Ellen Mae Fisher's Motion for a Preliminary Injunction Pending Appeal. (Doc. 34 (p.1074) ). The Court ORDERS expedited briefing in this matter. Defendants are ORDERED to file a response by Tuesday, June 2, 2026, at midnight. Fisher may file her reply by Friday, June 5, 2026, at midnight. (Ordered by Judge Brantley Starr on 5/29/2026) (chmb) (Entered: 05/29/2026) |
| 06/02/2026 | 36 (p.1137) | NOTICE of Attorney Appearance by Jacob Peter Dustin on behalf of Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, William Keffer, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech |

| | | University Regents, Texas Tech University System Board of Regents, Dustin Womble. (Filer confirms contact info in ECF is current.) (Dustin, Jacob) (Entered: 06/02/2026) |
|---|---|---|
| 06/02/2026 | 37 (p.1139) | RESPONSE filed by Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, William Keffer, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech University Regents, Texas Tech University System Board of Regents, Dustin Womble re: 34 (p.1074) MOTION Preliminary Injunction Pending Appeal (Johnson, Wade) (Entered: 06/02/2026) |
| 06/04/2026 | 38 (p.1152) | REPLY filed by Ellen Mae Fisher re: 34 (p.1074) MOTION Preliminary Injunction Pending Appeal (Allen, Michael) (Entered: 06/04/2026) |
| 06/05/2026 | 39 (p.1160) | NOTICE OF INTERLOCUTORY APPEAL as to 27 (p.894) Memorandum Opinion and Order,, Terminate Motions, to the Fifth Circuit by Ellen Mae Fisher. Filing fee $605, receipt number ATXNDC-16509596. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Allen, Michael) (Entered: 06/05/2026) |
| 06/08/2026 | 40 (p.1175) | MEMORANDUM OPINION AND ORDER: Because the Eleventh Amendment bars Fishers requested relief and because Fisher has otherwise failed to carry her burden, the Court DENIES the motion for a preliminary injunction 34 (p.1074) pending appeal. (Ordered by Judge Brantley Starr on 6/8/2026) (bmh) (Entered: 06/08/2026) |
| 06/11/2026 | 41 (p.1183) | Transcript Order Form: transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Allen, Michael) (Entered: 06/11/2026) |
| 06/17/2026 | 42 (p.1187) | WAIVER OF SERVICE Returned Executed as to William Keffer. Waiver sent on 5/29/2026. (Allen, Michael) |

| | | |
|---|---|---|
| | | (Entered: 06/17/2026) |
| 06/17/2026 | 43 (p.1188) | WAIVER OF SERVICE Returned Executed as to Texas Tech University System Board of Regents. Waiver sent on 5/29/2026. (Allen, Michael) (Entered: 06/17/2026) |
| 06/22/2026 | 44 (p.1189) | MOTION to Dismiss *Plaintiff's Second Amended Complaint* filed by Arcilia Acosta, Cody Campbell, Clay C. Cash, Tim Culp, Jared Gonzales, Pat Gordon, Amy Hardberger, Eli Heath, William Keffer, Doug McReaken, Terri Morgeson, Jack Wade Nowlin, Allison Outenreath, Ally Owens, Donald Sinclair, Larry Spain, Shelly Sweatt, Texas Tech University Regents, Texas Tech University System Board of Regents, Dustin Womble (Attachments: # 1 (p.21) Exhibit(s))Attorney Wade Allen Johnson added to party William Keffer(pty:dft), Attorney Wade Allen Johnson added to party Texas Tech University System Board of Regents(pty:dft) (Johnson, Wade) (Entered: 06/22/2026) |
| 06/24/2026 | 45 (p.1243) | MOTION to Extend Time of time filed by Ellen Mae Fisher (Allen, Michael) (Entered: 06/24/2026) |
| 06/24/2026 | 46 | ELECTRONIC ORDER granting 13 (p.435) Motion to Amend/Correct. (Ordered by Judge Brantley Starr on 6/24/2026) (chmb) (Entered: 06/24/2026) |
| 06/24/2026 | 47 | ELECTRONIC ORDER granting 9 (p.420) Application for Admission Pro Hac Vice of Tiffany Lawson. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 6/24/2026) (chmb) (Entered: 06/24/2026) |
| 06/25/2026 | 48 | ELECTRONIC ORDER granting 45 (p.1243) Motion to Extend Time. Before the Court is the parties' Joint Motion to Extend Time to Respond and Reply to the Defendants' Motion to Dismiss. (Doc. 45 (p.1243) ). The Court GRANTS IN PART the motion. Plaintiff Ellen Mae Fisher's Response is due by 7/20/2026. Defendants' Reply is due by 8/3/2026. (Ordered by Judge Brantley Starr on 6/25/2026) (chmb) (Entered: 06/25/2026) |
| 06/25/2026 | | USCA Case Number 26-10536 in USCA FIFTH CIRCUIT for 39 (p.1160) Notice of Appeal filed by Ellen Mae Fisher. (bmh) (Entered: 06/25/2026) |

**TAB 2**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | |
|---|---|
| ELLEN MAE FISHER, | |
| Plaintiff | Civil Case No. 5:26-CV-00073-X |
| vs. | |
| TEXAS TECH UNIVERSITY REGENTS et al., | |
| Defendants. | |

## **NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that Plaintiff/Appellant Ellen Mae Fisher appeals to the United States Court of Appeals for the Fifth Circuit from the Order Denying Plaintiff's Motion for Preliminary Injunction, entered on May 12, 2026, and docketed as ECF No. 27, entered in the United States District Court for the Northern District of Texas.

A copy of the Court's Order is attached to this Notice as Exhibit A

1

26-10536.1160

Respectfully submitted,

Michael Thad Allen (435762)
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT 06375
(860) 772-4738
mallen@allenharrislaw.com


Mark T. Mansfield
Local Counsel for Ellie Fisher
Mansfield & Mansfield, P.C.
1550 Norwood Dr.
Suite 107
Hurst, Texas 76054 817-282-3450
mark@mansfieldpc.com

2

26-10536.1161

# EXHIBIT A

26-10536.1162

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ELLEN MAE FISHER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:26-CV-0073-X |
| | § | |
| CODY CAMPBELL, et al., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This case stems from a Texas Tech University law student allegedly making a celebratory statement after Charlie Kirk's assassination while she was working at a legal clinic at the school.  The school investigated her.  She filed this First Amendment lawsuit (also alleging a violation of section 1983), fearing the school would reprimand her and report that to the state bar.  After she sued, but before she completed service, the school did as she feared.  It reprimanded her and reported her to the state bar for acting unprofessionally, in violation of the school's honor code.

Before the Court is Plaintiff Ellen "Ellie" Mae Fisher's (Fisher) Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 4.)  Her request (as modified by her reply brief) is for all defendants to annul their disciplinary action and report that to the state bar.

The Court must deny the motion.  As the late Coach Leach found out, Texas Tech has sovereign immunity (called Eleventh Amendment immunity when a state is hauled into federal court).  Some laws, like Title IX, waive that immunity for states

1

and agencies. But the First Amendment doesn't. And while section 1983 might have a role in this case to allow plaintiffs to recover damages for past actions that violated the First Amendment, it does not waive immunity for a defendant like Fisher to get a future injunction to nullify past action. Because of this immunity, Fisher has not shown she is clearly entitled to relief the Court lacks the power to order. As such, the Court **DENIES** the motion for a temporary restraining order and preliminary injunction.

## I.    Background

This case arises out of the aftermath of Charlie Kirk's assassination. Fisher is a third-year law student at Texas Tech School of Law, nearing graduation. Defendant Terri Morgeson (Professor Morgeson), Director of the Family Law Clinic, accused Fisher of celebrating Charlie Kirk's murder in the clinic program offices the day of the shooting—in violation of Texas Tech's Honor Code. Defendant Dean Jack Nowlin (Dean Nowlin) subsequently appointed a different professor to investigate whether Fisher had "acted unprofessionally."[1]

At the conclusion of the investigation, the professor referred Fisher to Texas Tech School of Law's Honor Council, chaired by Defendant Professor Larry Spain, and comprising of the following Defendants: Professor Amy Hardberger, Professor Allison Outenreath, and second-year law student Ally Owens.

At the conclusion of the Honor Council's review, the Council found Fisher "fail[ed] to uphold professional or fiduciary obligations including, but not limited to,

---

[1] Doc. 4 at 5.

26-10536.1164

performance related to clinical programs."[2]  The Honor Council recommended that Fisher "receive a written letter of reprimand from the Dean of the School of Law."[3] Fisher's complaint alleges that this reprimand will be placed in her permanent school record and reported to the Texas Board of Law Examiners.

Fisher appealed the Honor Council's recommendation.  Defendant Jared Gonzales (Dean Gonzales), Associate Dean for Academic Affairs, heard her appeal and denied it.

Fisher alleges that a reprimand and the entire disciplinary procedure constitute unconstitutional viewpoint discrimination and retaliation.

Fisher subsequently filed this suit, raising a single claim of First and Fourteenth Amendment Retaliation under 42 U.S.C. § 1983 against Dean Nowlin, Professor Morgeson, Dean Gonzales, Professor Spain, Professor Hardberger, Professor Outenreath, and Ms. Owens in their official and individual capacities.  She also sued the members of the Texas Tech System Board of Regents in their official capacities (collectively "Defendants").

Fisher then moved for a Temporary Restraining Order and Preliminary Injunction to prevent Dean Nowlin from entering a reprimand and annul all disciplinary action against her.[4]  The same day the case was assigned to this judge,

---

[2] *Id.* at 7.

[3] Doc. 1 at 28.

[4] Doc. 4 at 24.

3

26-10536.1165

the Court ordered her to request summonses for all Defendants and ordered the

Defendants to respond within seven days of service.[5]

Four days later, Fisher requested summonses from the clerk's office.[6]  But

before then, Dean Nowlin filed the reprimand, reported it to the Texas Board of Law

Examiners, and filed his recommendation against her admission to the State Bar of

Texas.[7]

## II.    Legal Standard

A temporary restraining order is "an extraordinary and drastic remedy, not to

be granted routinely, but only when the movant, by a clear showing, carries the

burden of persuasion."[8]  "The decision to grant [such relief] it to be treated as the

exception rather than the rule."[9]  Accordingly, "if a party fails to meet *any* of the four

requirements, the court cannot grant the" temporary restraining order.[10]

A court may grant a temporary restraining order only when the movant

establishes:

> (1) A likelihood of success on the merits; (2) a substantial threat of irreparable
> injury; (3) that the threatened injury if the injunction is denied outweighs any
> harm that will result if the injunction is granted; and (4) that the grant of an
> injunction will not disserve the public interest.[11]

---

[5] Doc. 8.

[6] *See* Doc. 16.  The clerk's office issued the summonses that day.  *See* Doc. 17.  There is no proof
of service of the summonses on the docket as of this date.

[7] Doc. 24 at 6–7.

[8] *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

[9] *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (cleaned up).

[10] *Speed v. America's Wholesale Lender*, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014)
(Lindsay, J.) (emphasis included in original).

[11] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

26-10536.1166

## III.   Analysis

Before the Court can conduct the four-factor analysis, it must confirm its jurisdiction, even *sua sponte*.[12]  That is because "[f]ederal courts are courts of limited jurisdiction.   They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree."[13]  "Without jurisdiction the court cannot proceed at all in any cause."[14]

One jurisdictional bar is state sovereign immunity.[15]  "Sovereign immunity bars private suits against nonconsenting states in federal courts."[16]  And state sovereign immunity also "precludes suits against state officials in their official capacities."[17]

That said, there are two primary exceptions.  "First, Congress may expressly abrogate state sovereign immunity."[18]  And second, *Ex parte Young* "permits suits for prospective . . . relief against state officials acting in violation of federal law."[19]

---

[12] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *see also Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that [the Court] must consider the basis of [its] own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[14] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up).

[15] *See, e.g.*, *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court.").

[16] *Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023) (cleaned up).

[17] *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024) (cleaned up).

[18] *Green Valley Special Util. Dist.*, 969 F.3d at 471 (cleaned up).

[19] *Id.* (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)).

26-10536.1167

"Here, Congress has not abrogated Texas's sovereign immunity, and the State has not consented to suit. *Young* is the whole ballgame."[20]

The Fifth Circuit has explained that "*Ex parte Young* created a narrow doorway through the sovereign immunity defense" and "[t]o turn the key on the *Ex parte Young* door, a plaintiff must sue the right defendants and ask for the right remedy."[21]

First, the right defendants. To be the right defendants under *Ex parte Young*, the individuals must be "officers of the state . . . clothed with some duty in regard to the enforcement of the laws of the state . . . who threaten and are about to commence proceedings, either of a civil or criminal nature."[22] In short, the defendant "must have some connection with the enforcement of the law being challenged."[23]

The Fifth Circuit admits its decisions "are not a model of clarity on what constitutes a sufficient connection to enforcement."[24] But they have provided some guideposts: the official must have "more than the general duty to see that the laws of the state are implemented"; it must be a "particular duty to enforce the statute in question"; the official must have "demonstrated willingness to exercise that duty"; and "the state official, through her conduct, compels or constrains persons to obey the

---

[20] *Id. See also Harris v. Angelina Cnty*, 31 F.3d 331, 337–38 (5th Cir. 1994) ("Under the authority of *Ex Parte Young* . . . and later authority, a § 1983 action seeking prospective injunctive relief based on federal constitutional violations may be brought against state officials in their official capacities.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989)).

[21] *Jackson*, 82 F.4th at 367.

[22] *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

[23] *Mi Familia Vota*, 105 F.4th at 325 (cleaned up).

[24] *Id.* (cleaned up).

6

26-10536.1168

challenged law."[25]  Even so, plaintiffs "need only show a scintilla of enforcement by the relevant state official."[26]

Here, Fisher's initial motion seeks an order "enjoining . . . all Defendants from entering a Reprimand" and (2) "annulling all disciplinary action against Plaintiff Ellie Fisher."[27]  She adjusts this request in her reply.[28]  Fisher admits that her request to "enjoin Defendants from entering a reprimand" is "obsolete."[29]  She now asks for an order "requiring Defendants to annul their disciplinary action against Fisher and inform the [Texas Board of Law Examiners] that any and all disciplinary outcomes against Fisher are officially retracted pending trial."[30]

But the only defendants who have even a scintilla of enforcement authority to effectuate this relief are Dean Nowlin, who sent the reprimand to the Texas Board of Law Examiners; Dean Gonzales, who has appellate review of Honor Code violations; and the Board of Regents.[31]  The remaining defendants are not ones the Court could order injunctive relief from under *Ex parte Young*.

---

[25] *Id.* (cleaned up).

[26] *Book People, Inc. v. Wong*, 91 F.4th 318, 335 (5th Cir. 2024) (cleaned up).

[27] Doc. 4 at 24.

[28] While generally improper to seek new remedies in a reply brief, the Court nonetheless considers this request because the Texas Board of Law Examiners was sent the letter after the motion was filed but before service was effectuated.

[29] Doc. 26 at 3 n.3.

[30] *Id.* at 10.

[31] The Defendants argue that the Board of Regents Defendants are improper under *Ex parte Young*.  But the Fifth Circuit has already held that individual members of a board of regents are proper defendants within the context of academic discipline.  *Jackson*, 82 F.4th at 368.

7

Second, the right remedy. *Ex parte Young*'s narrow carveout permits courts to "command[] a state official to do nothing more than refrain from violating federal law."[32]   So the doctrine is limited to "prospective relief to stop future harms."[33]   It "does not permit judgments against state officers declaring that they violated federal law in the past."[34]   Nor can it be used to attack or undo a state official's past actions.[35]

Accordingly, injunctions that are packaged as prospective relief but require "the voiding of a final state" official's action are "quintessentially retrospective and thus out of bounds under *Young*."[36]

Again, Fisher now seeks two remedies: (1) an injunction annulling the defendants' disciplinary action against her and (2) enjoining the defendants to inform the Texas Board of Law Examiners that any and all disciplinary outcomes against Fisher are officially retracted.[37]

Like invalidating or voiding a state agency order, annulling defendants' past disciplinary action against Fisher is "quintessentially retrospective."[38]   Namely, to annul is to "declare or make legally invalid or void."[39]   Thus an annulment can only

---

[32] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (cleaned up).

[33] *United States v. Abbott*, 85 F.4th 328, 336 (5th Cir. 2023).

[34] *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

[35] *Abbott*, 85 F.4th at 336 ("*Ex parte Young* cannot be used to attack the Governor's *past* actions." (emphasis in original)).

[36] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[37] Doc. 26 at 10.

[38] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[39] *Annul*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/annul (last visited May 12, 2026).

8

26-10536.1170

reach what has been, not what will be.  To conclude otherwise would impermissibly conflate retroactive and prospective relief.[40]  So her first remedy it is "out of bounds under *Young*."[41]

Because the Court lacks jurisdiction to order Dean Nowlin, Dean Gonzales, and the Board of Regents to annul the past action, it cannot order them to tell the Texas Board of Law Examiners that they have done so.  Such would be a lie.[42]  That too is barred by *Ex parte Young*.

In sum, *Ex parte Young*'s narrow doorway is locked to Fisher as to these requests.

Fisher argues that her injunction is warranted to return this case to "the last uncontested status of parties."[43]  For example, in *Doe v. Texas Christian University*, the learned Judge O'Connor issued a temporary restraining order against TCU that ended a suspension.[44]

Suspensions and reprimands are different, as are Title IX and the First Amendment.  *Doe* centered on a Title IX claim, and Congress abrogated the States'

---

[40] *Cf. Olivier v. City of Brandon, Miss.*, 607 U.S. --- (2026) ("In other words, the relief requested is only prospective; Olivier seeks neither the reversal of, nor compensation for, his prior conviction."); *Olivier v. City of Brandon, Miss.*, 121 F.4th 511, 514 (5th Cir. 2024) (Oldham, J. dissenting from denial of rehearing en banc) ("Injunctions do not work backwards to invalidate official actions taken in the past.  Rather, they operate to prevent future official enforcement actions[.]"); *id.* at 513 (Ho, J. dissenting from denial of rehearing en banc).

[41] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[42] The Texas Board of Law Examiners is owed the truth.  And our dues.  But maybe not sovereign immunity anymore under *Galette v. New Jersey Transit Co.*, 607 U.S. --- (2026).

[43] Doc. 26 at 3 (quoting *Doe v. Tex. Christian Univ.*, 601 F. Supp. 3d 78, 96 (N.D. Tex. 2022) (O'Connor, J.)).

[44] *Doe*, 601 F. Supp. 3d at 95–96.

26-10536.1171

Eleventh Amendment immunity for purposes of Title IX.[45]  Section 1983 does not do to the states what Title IX does.[46]  Besides, suspending a student is a continuing course of conduct.  And the courts under *Ex parte Young* can enjoin the future action of continuing a suspension.  But there is no future action with a reprimand.

Likewise, *Shah v. University of Texas Southwestern Medical School*—which Fisher does not cite—is inapplicable.[47]  In *Shah,* a medical student was dismissed, sued UT Southwestern alleging his dismissal was unlawful, and asked for preliminary injunctive relief because Shah feared UT Southwestern would disclose Shah's disciplinary record to the other medical schools he was applying to.[48]  On that record, Judge Fitzwater granted preliminary injunctive relief because there was "an imminent threat that defendants will disseminate" Shah's disciplinary record to third parties and "send notice to the schools that he was dismissed."[49]  The future issue was not focused on harm to the plaintiff's reputation but rather on conduct of the school.

But here, Dean Nowlin has already informed the Texas Board of Law Examiners and State Bar of Texas about the reprimand.  The Defendants' conduct

---

[45] *Pederson v. La. State Univ.*, 213 F.3d 858, 876 (5th Cir. 2000) (en banc).

[46] *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").  *See also Green Valley Special Util. Dist.*, 969 F.3d at 471 ("Here, Congress has not abrogated Texas's sovereign immunity, and the State has not consented to suit.  *Young* is the whole ballgame."); *Harris*, 31 F.3d at 337–38 ("Under the authority of *Ex Parte Young* . . . and later authority, a § 1983 action seeking prospective injunctive relief based on federal constitutional violations may be brought against state officials in their official capacities." (cleaned up)).

[47] 129 F. Supp. 480 (N.D. Tex. 2015) (Fitzwater, J.).

[48] *Id.* at 496.

[49] *Id.*

10

26-10536.1172

has already occurred. So there is no future or ongoing action by the Defendants to enjoin.

The Eleventh Amendment's jurisdictional bar therefore remains as to the relief Fisher seeks in this motion.

But the Court must note that circumstances might change. It is possible the Defendants would take future action (like suspending Fisher or preventing her from graduating) that Fisher might believe to be unlawful. Some of those actions might fit within—instead of fight—*Ex parte Young.* But no such request is before the Court. Nor is there any indication that those harms are forthcoming.[50] For that reason, the Court lacks jurisdiction over this motion and "cannot proceed at all" on the requested injunctive relief.[51]

Accordingly, the Court must deny her motion.[52]

This does not mean that Fisher has no case. Under section 1983, she may still seek monetary damages against the individual defendants.[53]

---

[50] *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (holding that the plaintiff's allegations of past harm was insufficient to seek prospective relief absent facts showing he was likely to suffer a future injury).

[51] *Steel Co.*, 523 U.S. at 94.

[52] Fisher also contends that a court can alter the status quo via a preliminary injunction where there is "a clear entitlement to the relief under the facts and the law." Doc. 26 at 8 (quoting *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir 1990)). But the Court cannot conclude there is a clear entitlement under the facts and law, as there are numerous questions of law, many of which are intensely fact dependent. Here are a few. Is Fisher an employee or a student? If an employee, is *Pickering* or *Garcetti* the proper framework to apply? If this is a student speech case only, was the Defendants' interest in professionalism compelling and the reprimand narrowly tailored to promote it? Was this a content or viewpoint-based reprimand? Have the Defendants sufficiently permitted speech activities in the clinic space such as to transform it into a designated public forum? Fisher's entitlement to relief, if she is entitled to any, is anything but clear at this stage.

[53] *See Stanley v. Morgan*, 120 F.4th 467, 473 (5th Cir. 2024) ("A creature of tort liability, § 1983 permits recovery of compensatory damages, attorney's fees, and when appropriate, even punitive damages." (cleaned up)). And this is a separate reason why the Court will not issue injunctive relief

11

\* \* \*

"Federal courts are courts of limited jurisdiction."[54]  They are not the courts of universal justice.  Accordingly, the Court may only act where the Constitution or a statute permit it.[55]  Here, the Eleventh Amendment prohibits Fisher's requested relief, so the Court **DENIES** the motion for a temporary restraining order and preliminary injunction.

**IT IS SO ORDERED** this 12th day of May, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

to preserve the last uncontested status quo.  As Judge O'Connor has explained, injunctive relief is necessary when preserving the last uncontested status quo if it is the only way to "prevent irreparable injury *so as to preserve the court's ability to render a meaningful decision on the merits*." *Doe*, 601 F. Supp. 3d at 96 (quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1980)) (emphasis added).  Despite the fact that more money has been known to cause more problems, money is still a meaningful remedy that precludes the need for injunctive relief here.

[54] *Kokkonen*, 511 U.S. at 377.

[55] *Id.*

26-10536.1174

**TAB 3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ELLEN MAE FISHER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:26-cv-0073-x |
| | § | |
| CODY CAMPBELL, et al., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This case stems from a Texas Tech University law student allegedly making a celebratory statement after Charlie Kirk's assassination while she was working at a legal clinic at the school. The school investigated her. She filed this First Amendment lawsuit (also alleging a violation of section 1983), fearing the school would reprimand her and report that to the state bar. After she sued, but before she completed service, the school did as she feared. It reprimanded her and reported her to the state bar for acting unprofessionally, in violation of the school's honor code.

Before the Court is Plaintiff Ellen "Ellie" Mae Fisher's (Fisher) Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 4.) Her request (as modified by her reply brief) is for all defendants to annul their disciplinary action and report that to the state bar.

The Court must deny the motion. As the late Coach Leach found out, Texas Tech has sovereign immunity (called Eleventh Amendment immunity when a state is hauled into federal court). Some laws, like Title IX, waive that immunity for states

1

26-10536.894

and agencies.  But the First Amendment doesn't.  And while section 1983 might have a role in this case to allow plaintiffs to recover damages for past actions that violated the First Amendment, it does not waive immunity for a defendant like Fisher to get a future injunction to nullify past action.  Because of this immunity, Fisher has not shown she is clearly entitled to relief the Court lacks the power to order.  As such, the Court **DENIES** the motion for a temporary restraining order and preliminary injunction.

## I.    Background

This case arises out of the aftermath of Charlie Kirk's assassination.  Fisher is a third-year law student at Texas Tech School of Law, nearing graduation.  Defendant Terri Morgeson (Professor Morgeson), Director of the Family Law Clinic, accused Fisher of celebrating Charlie Kirk's murder in the clinic program offices the day of the shooting—in violation of Texas Tech's Honor Code.  Defendant Dean Jack Nowlin (Dean Nowlin) subsequently appointed a different professor to investigate whether Fisher had "acted unprofessionally."[1]

At the conclusion of the investigation, the professor referred Fisher to Texas Tech School of Law's Honor Council, chaired by Defendant Professor Larry Spain, and comprising of the following Defendants: Professor Amy Hardberger, Professor Allison Outenreath, and second-year law student Ally Owens.

At the conclusion of the Honor Council's review, the Council found Fisher "fail[ed] to uphold professional or fiduciary obligations including, but not limited to,

---

[1] Doc. 4 at 5.

26-10536.895

performance related to clinical programs."[2]  The Honor Council recommended that Fisher "receive a written letter of reprimand from the Dean of the School of Law."[3] Fisher's complaint alleges that this reprimand will be placed in her permanent school record and reported to the Texas Board of Law Examiners.

Fisher appealed the Honor Council's recommendation.  Defendant Jared Gonzales (Dean Gonzales), Associate Dean for Academic Affairs, heard her appeal and denied it.

Fisher alleges that a reprimand and the entire disciplinary procedure constitute unconstitutional viewpoint discrimination and retaliation.

Fisher subsequently filed this suit, raising a single claim of First and Fourteenth Amendment Retaliation under 42 U.S.C. § 1983 against Dean Nowlin, Professor Morgeson, Dean Gonzales, Professor Spain, Professor Hardberger, Professor Outenreath, and Ms. Owens in their official and individual capacities.  She also sued the members of the Texas Tech System Board of Regents in their official capacities (collectively "Defendants").

Fisher then moved for a Temporary Restraining Order and Preliminary Injunction to prevent Dean Nowlin from entering a reprimand and annul all disciplinary action against her.[4]  The same day the case was assigned to this judge,

---

[2] *Id.* at 7.

[3] Doc. 1 at 28.

[4] Doc. 4 at 24.

26-10536.896

the Court ordered her to request summonses for all Defendants and ordered the Defendants to respond within seven days of service.[5]

Four days later, Fisher requested summonses from the clerk's office.[6] But before then, Dean Nowlin filed the reprimand, reported it to the Texas Board of Law Examiners, and filed his recommendation against her admission to the State Bar of Texas.[7]

## II.    Legal Standard

A temporary restraining order is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."[8] "The decision to grant [such relief] it to be treated as the exception rather than the rule."[9] Accordingly, "if a party fails to meet *any* of the four requirements, the court cannot grant the" temporary restraining order.[10]

A court may grant a temporary restraining order only when the movant establishes:

> (1) A likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[11]

---

[5] Doc. 8.

[6] *See* Doc. 16. The clerk's office issued the summonses that day. *See* Doc. 17. There is no proof of service of the summonses on the docket as of this date.

[7] Doc. 24 at 6–7.

[8] *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

[9] *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (cleaned up).

[10] *Speed v. America's Wholesale Lender*, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (Lindsay, J.) (emphasis included in original).

[11] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

26-10536.897

## III.   Analysis

Before the Court can conduct the four-factor analysis, it must confirm its jurisdiction, even *sua sponte*.[12]  That is because "[f]ederal courts are courts of limited jurisdiction.   They possess only that power authorized by Constitution and statute . . .  which is not to be expanded by judicial decree."[13]  "Without jurisdiction the court cannot proceed at all in any cause."[14]

One jurisdictional bar is state sovereign immunity.[15]  "Sovereign immunity bars private suits against nonconsenting states in federal courts."[16]  And state sovereign immunity also "precludes suits against state officials in their official capacities."[17]

That said, there are two primary exceptions.  "First, Congress may expressly abrogate state sovereign immunity."[18]  And second, *Ex parte Young* "permits suits for prospective . . . relief against state officials acting in violation of federal law."[19]

---

[12] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *see also Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that [the Court] must consider the basis of [its] own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).

[14] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (cleaned up).

[15] *See, e.g.*, *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court.").

[16] *Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023) (cleaned up).

[17] *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024) (cleaned up).

[18] *Green Valley Special Util. Dist.*, 969 F.3d at 471 (cleaned up).

[19] *Id.* (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)).

26-10536.898

"Here, Congress has not abrogated Texas's sovereign immunity, and the State has not consented to suit.  *Young* is the whole ballgame."[20]

The Fifth Circuit has explained that "*Ex parte Young* created a narrow doorway through the sovereign immunity defense" and "[t]o turn the key on the *Ex parte Young* door, a plaintiff must sue the right defendants and ask for the right remedy."[21]

First, the right defendants.  To be the right defendants under *Ex parte Young*, the individuals must be "officers of the state . . . clothed with some duty in regard to the enforcement of the laws of the state . . . who threaten and are about to commence proceedings, either of a civil or criminal nature."[22]  In short, the defendant "must have some connection with the enforcement of the law being challenged."[23]

The Fifth Circuit admits its decisions "are not a model of clarity on what constitutes a sufficient connection to enforcement."[24]  But they have provided some guideposts: the official must have "more than the general duty to see that the laws of the state are implemented"; it must be a "particular duty to enforce the statute in question"; the official must have "demonstrated willingness to exercise that duty"; and "the state official, through her conduct, compels or constrains persons to obey the

---

[20] *Id.  See also Harris v. Angelina Cnty*, 31 F.3d 331, 337–38 (5th Cir. 1994) ("Under the authority of *Ex Parte Young* . . . and later authority, a § 1983 action seeking prospective injunctive relief based on federal constitutional violations may be brought against state officials in their official capacities.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989)).

[21] *Jackson*, 82 F.4th at 367.

[22] *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

[23] *Mi Familia Vota*, 105 F.4th at 325 (cleaned up).

[24] *Id.* (cleaned up).

6

challenged law."[25]  Even so, plaintiffs "need only show a scintilla of enforcement by the relevant state official."[26]

Here, Fisher's initial motion seeks an order "enjoining . . . all Defendants from entering a Reprimand" and (2) "annulling all disciplinary action against Plaintiff Ellie Fisher."[27]  She adjusts this request in her reply.[28]  Fisher admits that her request to "enjoin Defendants from entering a reprimand" is "obsolete."[29]  She now asks for an order "requiring Defendants to annul their disciplinary action against Fisher and inform the [Texas Board of Law Examiners] that any and all disciplinary outcomes against Fisher are officially retracted pending trial."[30]

But the only defendants who have even a scintilla of enforcement authority to effectuate this relief are Dean Nowlin, who sent the reprimand to the Texas Board of Law Examiners; Dean Gonzales, who has appellate review of Honor Code violations; and the Board of Regents.[31]  The remaining defendants are not ones the Court could order injunctive relief from under *Ex parte Young*.

---

[25] *Id.* (cleaned up).

[26] *Book People, Inc. v. Wong*, 91 F.4th 318, 335 (5th Cir. 2024) (cleaned up).

[27] Doc. 4 at 24.

[28] While generally improper to seek new remedies in a reply brief, the Court nonetheless considers this request because the Texas Board of Law Examiners was sent the letter after the motion was filed but before service was effectuated.

[29] Doc. 26 at 3 n.3.

[30] *Id.* at 10.

[31] The Defendants argue that the Board of Regents Defendants are improper under *Ex parte Young*.  But the Fifth Circuit has already held that individual members of a board of regents are proper defendants within the context of academic discipline.  *Jackson*, 82 F.4th at 368.

7

Second, the right remedy. *Ex parte Young*'s narrow carveout permits courts to "command[] a state official to do nothing more than refrain from violating federal law."[32]  So the doctrine is limited to "prospective relief to stop future harms."[33] It "does not permit judgments against state officers declaring that they violated federal law in the past."[34]  Nor can it be used to attack or undo a state official's past actions.[35]

Accordingly, injunctions that are packaged as prospective relief but require "the voiding of a final state" official's action are "quintessentially retrospective and thus out of bounds under *Young*."[36]

Again, Fisher now seeks two remedies: (1) an injunction annulling the defendants' disciplinary action against her and (2) enjoining the defendants to inform the Texas Board of Law Examiners that any and all disciplinary outcomes against Fisher are officially retracted.[37]

Like invalidating or voiding a state agency order, annulling defendants' past disciplinary action against Fisher is "quintessentially retrospective."[38]  Namely, to annul is to "declare or make legally invalid or void."[39]  Thus an annulment can only

---

[32] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (cleaned up).

[33] *United States v. Abbott*, 85 F.4th 328, 336 (5th Cir. 2023).

[34] *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

[35] *Abbott*, 85 F.4th at 336 ("*Ex parte Young* cannot be used to attack the Governor's *past* actions." (emphasis in original)).

[36] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[37] Doc. 26 at 10.

[38] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[39] *Annul*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/annul (last visited May 12, 2026).

26-10536.901

reach what has been, not what will be.  To conclude otherwise would impermissibly conflate retroactive and prospective relief.[40]  So her first remedy it is "out of bounds under *Young*."[41]

Because the Court lacks jurisdiction to order Dean Nowlin, Dean Gonzales, and the Board of Regents to annul the past action, it cannot order them to tell the Texas Board of Law Examiners that they have done so.  Such would be a lie.[42]  That too is barred by *Ex parte Young*.

In sum, *Ex parte Young*'s narrow doorway is locked to Fisher as to these requests.

Fisher argues that her injunction is warranted to return this case to "the last uncontested status of parties."[43]  For example, in *Doe v. Texas Christian University*, the learned Judge O'Connor issued a temporary restraining order against TCU that ended a suspension.[44]

Suspensions and reprimands are different, as are Title IX and the First Amendment.  *Doe* centered on a Title IX claim, and Congress abrogated the States'

---

[40] *Cf. Olivier v. City of Brandon, Miss.*, 607 U.S. --- (2026) ("In other words, the relief requested is only prospective; Olivier seeks neither the reversal of, nor compensation for, his prior conviction."); *Olivier v. City of Brandon, Miss.*, 121 F.4th 511, 514 (5th Cir. 2024) (Oldham, J. dissenting from denial of rehearing en banc) ("Injunctions do not work backwards to invalidate official actions taken in the past.  Rather, they operate to prevent future official enforcement actions[.]"); *id.* at 513 (Ho, J. dissenting from denial of rehearing en banc).

[41] *Green Valley Special Util. Dist.*, 969 F.3d at 473 (cleaned up).

[42] The Texas Board of Law Examiners is owed the truth.  And our dues.  But maybe not sovereign immunity anymore under *Galette v. New Jersey Transit Co.*, 607 U.S. --- (2026).

[43] Doc. 26 at 3 (quoting *Doe v. Tex. Christian Univ.*, 601 F. Supp. 3d 78, 96 (N.D. Tex. 2022) (O'Connor, J.)).

[44] *Doe*, 601 F. Supp. 3d at 95–96.

26-10536.902

Eleventh Amendment immunity for purposes of Title IX.[45]  Section 1983 does not do to the states what Title IX does.[46]  Besides, suspending a student is a continuing course of conduct.  And the courts under *Ex parte Young* can enjoin the future action of continuing a suspension.  But there is no future action with a reprimand.

Likewise, *Shah v. University of Texas Southwestern Medical School*—which Fisher does not cite—is inapplicable.[47]  In *Shah*, a medical student was dismissed, sued UT Southwestern alleging his dismissal was unlawful, and asked for preliminary injunctive relief because Shah feared UT Southwestern would disclose Shah's disciplinary record to the other medical schools he was applying to.[48]  On that record, Judge Fitzwater granted preliminary injunctive relief because there was "an imminent threat that defendants will disseminate" Shah's disciplinary record to third parties and "send notice to the schools that he was dismissed."[49]  The future issue was not focused on harm to the plaintiff's reputation but rather on conduct of the school.

But here, Dean Nowlin has already informed the Texas Board of Law Examiners and State Bar of Texas about the reprimand.  The Defendants' conduct

---

[45] *Pederson v. La. State Univ.*, 213 F.3d 858, 876 (5th Cir. 2000) (en banc).

[46] *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").  *See also Green Valley Special Util. Dist.*, 969 F.3d at 471 ("Here, Congress has not abrogated Texas's sovereign immunity, and the State has not consented to suit.  *Young* is the whole ballgame."); *Harris*, 31 F.3d at 337–38 ("Under the authority of *Ex Parte Young* . . . and later authority, a § 1983 action seeking prospective injunctive relief based on federal constitutional violations may be brought against state officials in their official capacities." (cleaned up)).

[47] 129 F. Supp. 480 (N.D. Tex. 2015) (Fitzwater, J.).

[48] *Id.* at 496.

[49] *Id.*

10

has already occurred.  So there is no future or ongoing action by the Defendants to enjoin.

The Eleventh Amendment's jurisdictional bar therefore remains as to the relief Fisher seeks in this motion.

But the Court must note that circumstances might change.  It is possible the Defendants would take future action (like suspending Fisher or preventing her from graduating) that Fisher might believe to be unlawful.  Some of those actions might fit within—instead of fight—*Ex parte Young*.  But no such request is before the Court. Nor is there any indication that those harms are forthcoming.[50]  For that reason, the Court lacks jurisdiction over this motion and "cannot proceed at all" on the requested injunctive relief.[51]

Accordingly, the Court must deny her motion.[52]

This does not mean that Fisher has no case.  Under section 1983, she may still seek monetary damages against the individual defendants.[53]

---

[50] *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (holding that the plaintiff's allegations of past harm was insufficient to seek prospective relief absent facts showing he was likely to suffer a future injury).

[51] *Steel Co.*, 523 U.S. at 94.

[52] Fisher also contends that a court can alter the status quo via a preliminary injunction where there is "a clear entitlement to the relief under the facts and the law."  Doc. 26 at 8 (quoting *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir 1990)).  But the Court cannot conclude there is a clear entitlement under the facts and law, as there are numerous questions of law, many of which are intensely fact dependent.  Here are a few.  Is Fisher an employee or a student?  If an employee, is *Pickering* or *Garcetti* the proper framework to apply?  If this is a student speech case only, was the Defendants' interest in professionalism compelling and the reprimand narrowly tailored to promote it?  Was this a content or viewpoint-based reprimand?  Have the Defendants sufficiently permitted speech activities in the clinic space such as to transform it into a designated public forum? Fisher's entitlement to relief, if she is entitled to any, is anything but clear at this stage.

[53] *See Stanley v. Morgan*, 120 F.4th 467, 473 (5th Cir. 2024) ("A creature of tort liability, § 1983 permits recovery of compensatory damages, attorney's fees, and when appropriate, even punitive damages." (cleaned up)).  And this is a separate reason why the Court will not issue injunctive relief

26-10536.904

* * *

"Federal courts are courts of limited jurisdiction."[54]  They are not the courts of universal justice.  Accordingly, the Court may only act where the Constitution or a statute permit it.[55]  Here, the Eleventh Amendment prohibits Fisher's requested relief, so the Court **DENIES** the motion for a temporary restraining order and preliminary injunction.

**IT IS SO ORDERED** this 12th day of May, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

to preserve the last uncontested status quo.  As Judge O'Connor has explained, injunctive relief is necessary when preserving the last uncontested status quo if it is the only way to "prevent irreparable injury *so as to preserve the court's ability to render a meaningful decision on the merits*."  *Doe*, 601 F. Supp. 3d at 96 (quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1980)) (emphasis added).  Despite the fact that more money has been known to cause more problems, money is still a meaningful remedy that precludes the need for injunctive relief here.

[54] *Kokkonen*, 511 U.S. at 377.

[55] *Id.*

12

26-10536.905

**TAB 4**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ELLEN MAE FISHER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:26-CV-0073-X |
| | § | |
| TEXAS TECH UNIVERSITY | § | |
| REGENTS, et al., | § | |
| | § | |
| *Defendants.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Ellen Mae Fisher's (Fisher) Motion for Preliminary Injunction Pending Appeal. (Doc. 34). After due consideration, the Court **DENIES** the motion.

The Court previously denied Fisher's Motion for a Temporary Restraining Order and Preliminary Injunction because *Ex parte Young* forecloses the relief she requests.[1] Fisher now seeks an injunction pending appeal. In doing so, she files this motion requesting that the Court (1) order "the expungement, annulment, and retraction of Defendants' disciplinary action against Fisher"; (2) order Defendants to notify the Texas Board of Law Examiners of that expungement, and (3) "forbid[] Defendants from reporting the reprimand to any third party."[2]

---

[1] Doc. 27.

[2] Doc. 34 at 18.

1

26-10536.1175

"An injunction pending appeal is rather drastic relief."[3]  The movant must therefore show "(1) a *strong* likelihood of success on the merits; (2) irreparable injury in the absence of an injunction; (3) that the balance of hardships weighs in their favor if injunctive relief is granted and (4) that the public interest favors such relief."[4]

First, the Court must confirm its jurisdiction.[5]  As the Court explained previously, Fisher must traverse the narrow doorway of *Ex parte Young* to obtain the injunctive relief she seeks against the defendants.[6]  "To turn the key on the *Ex parte Young* door, a plaintiff must sue the right defendants and ask for the right remedy."[7]  Once again, that door remains closed to her.

To begin with, only Defendants Dean Nowlin, Dean Gonzales, and the Board of Regents are the right defendants—none of the remaining defendants have the requisite scintilla of enforcement authority to effectuate her requested relief.[8]

Fisher again seeks the wrong remedy.  *Ex parte Young*'s narrow exception to state sovereign immunity "does not permit judgments against state officers declaring that they violated federal law in the past."[9]  It cannot be used to attack or undo a

---

[3] *Rainey v. Jackson State Coll.*, 481 F.2d 347, 351 (5th Cir. 1973).

[4] *Whole Woman's Health v. Jackson*, 13 F.4th 434, 441 (5th Cir. 2021) (emphasis added).

[5] *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020) ("This court has a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." (cleaned up)); *see also Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) ("It is axiomatic that [the Court] must consider the basis of [its] own jurisdiction, sua sponte if necessary." (cleaned up)); *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (cleaned up)).

[6] *Jackson v. Wright*, 82 F.4th 362, 367 (5th Cir. 2023) (cleaned up).

[7] *Id.*

[8] *Book People, Inc. v. Wong*, 91 F.4th 318, 335 (5th Cir. 2024).

[9] *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

2

26-10536.1176

state official's past actions.[10]    Retrospective remedies are out of bounds under *Young*.[11]

Here, Fisher asks (1) for "expungement, annulment, and retraction of Defendants' disciplinary action"; (2) the notification of the expungement and retraction; and (3) "forbidding Defendants from reporting the reprimand to any third party."[12]  The Court takes each in turn.

At the outset, expungement, annulment, and retraction necessarily apply only to past actions.    The substance of the requested relief, despite Fisher's characterizations, is backwards looking.[13]  So the first request is "quintessentially retrospective" relief and out of bounds.[14]

Fisher argues that the Court can ignore the plainly retroactive nature of her requested relief for two reasons.  First, she argues that the Fifth Circuit established in *Scott v. Flowers*[15] that expungement is permissible injunctive relief against state officials.    Second, she argues—largely with out-of-circuit precedent—that expungement of reprimands is a clearly established remedy.

First, *Flowers*.  In *Flowers*, the Fifth Circuit held that the Texas Commission on Judicial Conduct's reprimand of a justice of the peace violated the First

---

[10] *United States v. Abbott*, 85 F.4th 328, 336 (5th Cir. 2023) ("*Ex parte Young* cannot be used to attack the Governor's *past* actions." (emphasis in original)).

[11] *Green Valley.*, 969 F.3d at 473 (cleaned up).

[12] Doc. 34 at 18.

[13] *Green Valley*, 969 F.3d at 471.

[14] *Id.* at 473.

[15] 910 F.2d 201 (5th Cir. 1990).

26-10536.1177

Amendment and ordered the district court to direct the Commission to expunge a portion of its reprimand, six years after the reprimand was issued.[16]  This, Fisher contends, indicates that "the Fifth Circuit has long established annulment/expungement of reprimands as prospective relief."[17]

Not so fast, my friend.  At no point did the *Flowers* court analyze whether *Ex parte Young* barred the requested relief.[18]  To be sure, the Court evaluated other jurisdictional hurdles.[19]  But as the Fifth Circuit itself tells us, courts are "not bound by implicit jurisdictional assumptions made in earlier cases."[20]  Drive-by jurisdictional rulings have no precedential effect.[21]  This is true of failures to consider jurisdiction broadly and failures to consider specific jurisdictional hurdles.[22]  So *Flowers*' failure to address *Young*, while permitting retroactive relief, does not bind the Court here.

Moreover, *Flowers* expressly cabins the scope of its holding to "the narrow question before [the panel] . . . is whether a judge can be reprimanded for publicly commenting upon the administration of justice as it relates to cases that pass through his court."[23]

---

[16] *Id.* at 213.

[17] Doc. 34 at 7.

[18] *Flowers*, 910 F.2d at 206–09.

[19] *Id.*

[20] *BNSF Ry. Co. v. Fed. R.R. Admin.*, 105 F.4th 691, 697 n.4 (5th Cir. 2024).

[21] *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 91 (1998).

[22] *United States v. Garcia-Ruiz*, 546 F.3d 716, 718 n.1 (5th Cir. 2008) ("The failure of earlier panels . . . to discuss mootness does not yield an implication that those panels decided the cases were not moot, and we are not bound by any *sub silentio* determination there.").

[23] *Flowers*, 910 F.2d at 213 n.24.

4

26-10536.1178

Accordingly, *Flowers* is not binding.

Second, Fisher's cited cases do not support her conclusion.  Again, most of the cited cases are out of circuit.  And her in circuit cases are distinguishable.

Fisher first contends that *Green Valley* permits injunctive relief because the harm to her future career is ongoing.[24]  But *Green Valley* forecloses her conclusion.  In *Green Valley*, the Fifth Circuit held that *Ex parte Young* permitted prohibiting the Texas Public Utility Commission for continuing to implement its illegal order.[25]  In contrast, the Fifth Circuit concluded that *Young* does not permit injunctive relief where the Commission had already implemented its order.[26]  Here, Defendant Dean Nowlin has already implemented his remand and communicated it to the Board of Law Examiners.  He is not in the process of implementing a reprimand and report.  It is done.  So, like the Commissioner's implemented order in *Green Valley*, sovereign immunity shields disturbing the reprimand.

*Shah v. University of Texas Southwest Medical School*[27] is unavailing for similar reasons.  In *Shah*, the medical school had yet to communicate Shah's dismissal to a third party.[28]  There was "an imminent threat that defendants will disseminate to third parties information" that would harm his career.[29]  Again, here

---

[24] Doc. 34 at 11.

[25] *Green Valley*, 969 F.3d at 473.

[26] *Id.*

[27] 129 F. Supp. 3d 480 (N.D. Tex. 2015) (Fitzwater, J.).

[28] *Id.* at 491.

[29] *Id.* at 496.

5

the communication to third parties has already occurred. Thus, the requested remedy is completely retroactive, not proactive.

What is more, *Shah* is further distinguishable because it involved the invocation of a different constitutional right. *Shah* centered on the current harm to "his constitutionally-protected liberty and property interests" in his professional reputation under the Due Process Clause of the Fourteenth Amendment.[30] Here, Fisher seeks relief under the First Amendment, not the Fourteenth.[31] The First Amendment harm—an alleged retaliatory reprimand—is not ongoing like a due process reputational harm could be ongoing. Nor has the Fifth Circuit adopted that framing.[32]

"*Ex parte Young* is supposed to be an exception—not the rule. The rule is that States (and state officers) are generally immune from suit. And the rule is that Congress—not the courts—creates causes of action."[33] The exception is narrow.[34] Accordingly, the Court will not widen it by mischaracterizing retroactive relief as prospective in this context.

---

[30] *Id.* at 494, 496.

[31] *See* Docs. 1, 4, 26.

[32] The Fifth Circuit expressly adopted the view that continued reputational harm that may impeded future employment is a cognizable liberty interest in *Van Overdam v. Texas A&M University*, 43 F.4th 522, 529 (5th Cir. 2022) (per curiam). There, the Fifth Circuit concluded that, despite Van Overdam's graduation from A&M, Van Overdam's suit to clear his record and restore his reputation was not moot. *Id.* The Fifth Circuit did not consider *Ex parte Young*. *See id.* So, like *Flowers*, *Van Overdam* does not compel the conclusion that this Court can expunge Fisher's reprimand under the Fourteenth Amendment's Due Process clause, let alone under the First Amendment.

[33] *La Union de Pueblo Entero, v. Nelson*, No. 22-50775, slip op. at 5 (5th Cir. June 1, 2026) (Oldham, J., dissenting from denial of rehearing en banc) (cleaned up).

[34] *Id.*

6

26-10536.1180

*Ex parte Young*'s doorway is locked to Fisher's first requested remedy.

And, as the Court explained in its previous order, the second requested remedy is foreclosed.

Fisher's final requested remedy—"forbidding Defendants from reporting the reprimand to any third party"—is plainly prospective.[35]  Accordingly, the Court has jurisdiction to consider the merits.

An injunction pending appeal is "drastic relief."[36]  Fisher must show "irreparable injury in the absence of an injunction."[37]  Here, the alleged harm is not irreparable.  As the Court noted in its previous order, monetary damages are available to Fisher under 42 U.S.C. § 1983.  And Fisher has amended her complaint to include a Title VI claim that does not have the same jurisdictional barriers to injunctive relief that the First Amendment does.[38]  In short, Fisher has other means to receive a remedy for her alleged injuries.

Because the Eleventh Amendment bars Fisher's requested relief and because Fisher has otherwise failed to carry her burden, the Court **DENIES** the motion for a preliminary injunction pending appeal.

---

[35] Doc. 34 at 18.

[36] *Rainey*, 481 F.3d at 351.

[37] *Whole Woman's Health*, 13 F.4th at 441 (emphasis added).

[38] *See McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 522 (5th Cir. 2015) ("The Supreme Court has recognized . . . Congress expressly abrogated States' sovereign immunity against suits brought to enforce Title VI." (cleaned up)).

26-10536.1181

**IT IS SO ORDERED** this 8th day of June, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

26-10536.1182

## Certificate of Service

I certify that on July 8, 2026, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon all counsel of record.

S/Michael Thad Allen

Michael Thad Allen

No. 26-10536

_____

IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

Ellen Mae Fisher,

*Plaintiff-Appellant,*

v.

Jack Wade Nowlin; Jarod Gonzales, Larry Spain; et al.,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court for the Northern District of Texas, Lubbock Division, Case No. 5:26-CV-73-X

_____

**CERTIFICATE OF SERVICE OF RECORD EXCERPTS**

_____

Michael Thad Allen
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT 06375
(860) 772-4738
mallen@Allenharrislaw.com

*Counsel for Plaintiff-Appellant*

i

On July 8, 2026, the undersigned counsel created the record excerpts in compliance with this Court's Local Rule 30.1. By email, I served the foregoing Record Excerpts on counsel of record for Defendants-Appellees David Ortner, Assistant Solicitor General In the Office of the Texas Attorney General asl asl as Charles Whitney. They are male or electronic addresses, and addresses as appropriate for the manner of service are as follows:

> Daniel Ortner
> Charles Whitney
> Assistant Solicitor General
> Office of the Texas Attorney General
> Office: (512) 936-1896
> Cell: (385)-242-9582
> Daniel.Ortner@oag.texas.gov
> Charles_Whitney@ca5.uscourts.gov
> TEL: (512) 936-1896

Respectfully submitted,

Date: July 8, 2026

Michael Thad Allen (435762)
ALLEN HARRIS PLLC
PO Box 404
Quaker Hill, CT 06375
(860) 772-4738
mallen@allenharrislaw.com